IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RICHARD W. COOK, : | |
| : | |
| Plaintiff : | |
| : | |
| VS. : | |
| : | 1 : 04-CV-130 (WLS) |
| : | |
| STEVEN UPTON, : | |
| : | |
| Defendant. : | |
| : | |

**RECOMMENDATION**

Presently pending in this § 1983 action is the defendant's Motion to Dismiss. The defendant argues that the plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act of 1995.

The plaintiff submitted his complaint for filing in September 2004 while he was confined at Arrendale State Prison. The plaintiff alleges that during his confinement at Calhoun State Prison in October 2003, Warden Steven Upton placed him in a cell block with an inmate known to have been involved in physical altercations with the plaintiff in the past, and that he was thereafter attacked and injured by said inmate. In his complaint, the plaintiff maintains that he fully exhausted administrative remedies by filing a grievance regarding the events underlying his lawsuit, and has attached to his complaint a copy of said grievance and the institutional response. The grievance, which the plaintiff styled as an "emergency", was filed on October 30, 2003. In his grievance, the plaintiff states that he is "filing this grievance under the rules of reprisal or emergency grievances because it is against Warden Upton whom is responsible for reviewing, investigating, and answering all grievances at the institutional level, and I fear retaliation." In response thereto, the office of Inmate Affairs and Appeals notified the plaintiff that his grievance "will not be addressed at the Commissioner's Executive Assistant's level of review due to the fact

that you failed to follow procedure which requires that the grievances first be submitted for investigation and response at the Warden's level."

The defendant contends that by failing to properly file and appeal his grievance, the plaintiff failed to exhaust his administrative remedies, as required by the Prison Litigation Reform Act of 1995 ("PLRA"), pursuant to which all prisoners wishing to bring suits pursuant to § 1983 based on conditions of confinement violations are required to exhaust all available administrative remedies prior to filing a federal action.  The Act provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e (a).

The defendant's motion to dismiss can be granted only if plaintiff's complaint, with all factual allegations accepted as true, demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of [his] claim that would entitle [him] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackam v. Hosp. Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).  "A claim that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted." Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998).

A review of the plaintiff's complaint establishes that his complaint must be dismissed based on his failure to exhaust administrative remedies.  Although the plaintiff filed a grievance regarding the events underlying this lawsuit, he clearly failed to file said grievance with the institution itself and failed to appeal the denial of this grievance, thereby failing to exhaust his administrative remedies.  In order to satisfy the exhaustion requirement, an inmate must fully pursue all available administrative remedies, including pursuing and completing all levels of appeal. Moore v. Smith, 18 F. Supp. 2d 1360, 1363 (N.D.Ga. 1998); Harper v. Jenkin, 179 F.3d 1311 (11th Cir. 1999) (inmate who failed to seek leave to file an out-of-time grievance failed to

exhaust his administrative remedies as required by the PLRA). To the extent that the plaintiff contends that he filed an "emergency grievance" under certain Department of Corrections S.O.P. sections, a grievance designated as "emergency" in nature must involve "an unexpected situation involving the health, safety or welfare of an inmate that requires prompt action." Georgia D.O.C. S.O.P. IIB05-0001, § IV (B). This S.O.P. further provides that emergency grievances "shall be immediately referred to the Grievance Coordinator", who then determines if the grievance truly concerns an "emergency". § VI (E). It appears that the plaintiff attempted to bypass this procedure, by filing his grievance directly with the Office of Inmate Affairs, and did not file another grievance through the proper channels or appeal the initial denial.

      Accordingly, it is the recommendation of the undersigned that the defendant's Motion to Dismiss be **GRANTED**. Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this recommendation with the Honorable W. Louis Sands, Chief United States District Judge, WITHIN TEN (10) DAYS of receipt thereof.

**SO RECOMMENDED**, this 31st day of May, 2005.

      */s/ Richard L. Hodge*
RICHARD L. HODGE
UNITED STATES MAGISTRATE JUDGE

asb